THE WEST CHICAGO STREET RAILROAD COMPANY

v.

PATRICK MARTIN.

*Filed at Ottawa November 27, 1894.*

1. EVIDENCE—*contract between corporations jointly sued for negligence, incompetent.* In an action for personal injuries against a railway company and a street railroad company, caused by a collision between trains of the two companies, and alleged to have occurred through their joint negligence, the admission in evidence of a contract defining the duties of the latter towards the former company is harmless, where such contract imposes upon the latter company no duty which is not imposed by law.

2. INSTRUCTIONS—*submitting case not made by declaration—specific objection necessary.* An instruction that an injury to a passenger on a street car by collision raises a presumption of negligence, although improper where the declaration charges specific acts of negligence, is not cause for reversing a judgment for plaintiff where it was asked by a co-defendant, and no specific objection was made on the trial that it submitted a case not made by the declaration.

*West Chicago Street Railroad Co. v. Martin,* 47 Ill. App. 610, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

KEEP & LOWDEN, for appellant:

The court erred in admitting in evidence the contract between the Chicago and Northwestern Railway Company and the Chicago West Division Railroad Company, of which the defendant, the West Chicago Street Railroad Company, is the successor. *Railroad Co.* v. *Godfrey,* 71 Ill. 500; *Blanchard* v. *Railroad Co.* 126 id. 416; *Chicago* v. *Oil and Lead Manf. Co.* 14 Ill. App. 119.

An instruction to disregard does not cure the error committed by the admission of improper testimony. *Railroad Co.* v. *Winslow,* 66 Ill. 219; *Insurance Co.* v. *Rubin,* 79 id. 402; *Dickerson* v. *Evans,* 84 id. 451.

The error is not cured by a subsequent contradictory instruction which announces the law correctly, since in such a case the jury are left at liberty to follow either instruction, and uninformed as to which contains the law. *Railroad Co.* v. *Payson,* 49 Ill. 505 ; *Camp Point Manf. Co.* v. *Ballou,* 71 id. 417; *Linen Co.* v. *Hough,* 91 id. 67; *Railway Co.* v. *Morgan,* 72 id. 155 ; *Railway Co.* v. *Shacklet,* 105 id. 374.

For the purpose of showing that, in the most favorable aspect to the plaintiff, the question of fact was close, we desire to call the court's attention to the following authorities : Ray on Passenger Carriers, 37; *Whelan* v. *Railroad Co.* 38 Fed. Rep. 15.

RICHOLSON, MATSON & PEASE, for appellee :

All that the instruction means, or can mean, is, that under the relationship of these parties it was presumed that the defendant, the West Chicago Street Railroad Company, was liable for the accident that occurred; and this proposition is abundantly supported by the authorities. Hutchinson on Carriers, 800; *Central Passenger Co.* v. *Kuhn,* 32 Am. & Eng. Ry. Cas. 16 ; *Graham* v. *Railroad Co.* 34 id. 397; *Railroad Co.* v. *Napheys,* 1 id. 52 ; *Railroad Co.* v. *Lauderbach,* 26 id. 166 ; *Railroad Co.* v. *Newell,* 8 id. 377; *Railroad Co.* v. *Seybolt,* 18 id. 162 ; *Railroad Co.* v. *Maury,* 36 Ohio, 418 ; *Railroad Co.* v. *Thompson,* 56 Ill. 138.

BAKER, J.: This is a joint action on the case, against the appellant and the Chicago and Northwestern Railway Company, for injuries sustained by the appellee. The declaration consists of three counts. The first count alleges that the tracks of the West Chicago Street Railroad Company cross the tracks of the defendant the Chicago and Northwestern Railway Company at Rockwell street, and that the defendant the Chicago and Northwestern Railway Company was negligent in that it failed to give warning of the approach of its train by means of lights, bells or whistles, setting up an ordinance of the city of Chicago as to that duty, and further

alleging that the defendant the West Chicago Street Railroad Company was guilty of negligence because it, by its agents or servants, failed to go forward upon the tracks of the defendant the Chicago and Northwestern Railway Company, because of which joint negligence the street car in which plaintiff was riding was struck by the railroad train and plaintiff injured, etc. The second count charges negligence of the defendant the Chicago and Northwestern Railway Company, in that no proper lookout was kept upon a certain engine running along and upon the tracks of the said defendant propelling certain cars attached thereto, and in that no proper lookout was kept by gatemen in its employ at the crossing aforesaid, and charges negligence on the part of the defendant the West Chicago Street Railroad Company, in that it failed to go forward, by its agents or servants, to a position upon the tracks of the said defendant the Chicago and Northwestern Railway Company, where said fact would be ascertained, to learn whether the cars of the defendant railway company were approaching said crossing, whereby the street car was struck and plaintiff injured, etc. The third count sets out the ordinance of the city of Chicago regulating the speed of railroad trains, and alleges negligence on the part of the defendant railway company, "in that the said defendant railway company carelessly and negligently then and there drove along and upon their tracks aforesaid, certain cars propelled by a locomotive engine at a high rate of speed, to-wit, at the rate of thirty miles per hour," and in that it, by its agents or servants, failed to give the defendant the street railroad company any signals of the approach of the said train, either by means of gates, flags, bells or whistles, and charges that the defendant street railroad company failed to exercise the due care imposed upon it by law, and was guilty of negligence in that it failed, as aforesaid, to use the means at its command to ascertain whether or not said train was approaching upon the

tracks of the defendant railway company. There was a trial by jury and a verdict against defendants jointly, for $12,000 damages, and judgment on the verdict. The West Chicago Street Railroad Company alone appealed to the Appellate Court, and on a hearing in that court the judgment of the Superior Court was affirmed, and said appellant now appeals to this court.

No claim is made that the plaintiff asked or procured the trial court to give any erroneous instructions, or that error of any kind was committed by that court at his instance. The case presents the anomaly of a court of review being called upon to reverse a judgment in favor of a party plaintiff against two joint defendants for errors alleged to have been committed, not at the instance of such plaintiff, but upon the application and motion of one of the joint defendants; and this judgment at law against the defendants below is a unit, and it cannot be reversed as to one of them and affirmed as to the other. (*Jansen et al.* v. *Varnum et al.* 89 Ill. 100.) In other words, a reversal of the judgment would, as to one of the defendants, the Chicago and Northwestern Railway Company, be a reversal for errors committed at its own request.

The first error assigned is the admission in evidence of a contract between the Chicago and Northwestern Railway Company and the Chicago West Division Railroad Company, of which latter company the defendant, the West Chicago Street Railroad Company, is the successor. Said contract sets out the mutual duties of the parties thereto with reference to the maintenance of the crossing at Madison and Rockwell streets, and contains, among other things, this provision: "The party of the first part agrees to take all needful precautions to prevent collisions at said crossing, and for that purpose it shall be the duty of the employees of the party of the first part to ascertain, before attempting to effect a crossing, whether an engine or train of the party of the second part is approaching Madison street in either direction."

This agreement was offered in evidence by the defendant railway company, and allowed to go to the jury over the objections of the street railroad company.

The admission in evidence of this agreement was, under the issues and circumstances of the case, so clearly improper that no attempt even is made to justify it. It, of course, had no effect or tendency to relieve the railway company from responsibility. We think, however, that its introduction as testimony was harmless. The contract imposed upon the street railroad company no duty which the law itself, under the allegations of the declaration, did not impose upon it, and therefore the agreement in no way increased its liability; and the jury could not have been misled by its production before them, for the court gave them the two following instructions:

"The court instructs the jury, as a matter of law, that under and by virtue of the contract between the defendants, offered in evidence, the defendant the West Chicago Street Railroad Company was bound to exercise no higher degree of care in order to see the approach of the train of the defendant the Chicago and Northwestern Railroad Company than it would have been in the absence of such contract."

"The court instructs the jury, as a matter of law, that the contract between the defendants, offered in evidence, creates no new duty upon the defendant the West Chicago Railroad Company, so far as the plaintiff is concerned, nor does it change or affect the rights of the plaintiff in this case."

It is urged that there was error in giving the first and the fourth of the instructions asked by the Chicago and Northwestern Railway Company. There was in each of these instructions an improper allusion to the contract above referred to, but, notwithstanding that fact, neither of them imposed upon the conductor and servants of the street railroad company any higher degree of diligence, or the exercise of greater care to prevent a collision at

the street crossing, than they were charged with and required to exercise by the law and under the simple averments of the declaration, in order to prevent injury to the passengers of the company. The concluding and salient part of the first of these instructions is : "And if you believe, from the evidence, etc., and that the servants of said company were guilty of negligence as charged by the plaintiff in his said declaration, and as a result of such negligence, if any, the street car was struck and the plaintiff injured while he was in the exercise of ordinary care for his own safety, you will find the defendant the West Chicago Street Railroad Company guilty." And the concluding and important part of the other of the instructions is as follows : "It was the duty of the conductor or other employee of the street railroad company to exercise all reasonable precautions to ascertain, himself, before attempting to go over the crossing with a street car, whether an engine or train of the railway was approaching Madison street in either direction." Would the duty without the contract have been less than it is stated to be with it, in these instructions? Certainly not. Our conclusion is, that while these instructions should have been refused or modified, and for the same reason that the agreement should have been excluded, yet that giving them was not substantial and reversible error, since they could not have misled the jury.

The court also gave, at the instance of the defendant railway company, an instruction to the effect that if the jury believed, from the evidence, "that the plaintiff, for a reward, became a passenger of said street car and was injured while being carried, such injury raises a presumption of negligence on the part of the defendant the West Chicago Street Railroad Company, and to rebut such presumption, and to prevent a recovery against it, said defendant must show affirmatively that it was free from any negligence charged in the declaration contributing to such injury, if it shall appear from the evidence

that the plaintiff was, before and at the time of his injury, exercising ordinary care for his own safety."

As we understand counsel, it is conceded that the instruction announces a correct proposition of law, that would have been applicable to the case if only the declaration had been general instead of special. Counsel say: "The plaintiff does not, in his declaration, proceed upon the theory that he became a passenger of the defendant; that a collision occurred with the train of the defendant the Chicago and Northwestern Railway Company, and that thereby a presumption of negligence arose which cast the burden of proof on this defendant. That he might have done so, we concede. But when a plaintiff, as in this case, specifies the negligence of the defendant, his recovery will be limited thereto."

On the trial of an action against a railroad company by a passenger for an injury received through a collision of trains, a *prima facie* presumption of negligence arises against the carrier company. (*North Chicago Street Railway Co.* v. *Cotton*, 140 Ill. 486; Hutchinson on Carriers, sec. 800; *Skinner* v. *Railway Co.* 5 Exch. 787; *Iron Railroad Co.* v. *Maury*, 36 Ohio, 418.) In *Central Passenger Co.* v. *Kuhn*, and *Louisville and Nashville Railroad Co.* v. *Kuhn*, 86 Ky. 578, and 32 Am. & Eng. Ry. Cases, 16, the plaintiff was a passenger on a street car, which, while passing a railroad crossing at night, was run into by a train and the plaintiff injured, and it was held that the burden of proof was on the street car company to show, if such was the case, that the injury did not result from its want of diligence but from the negligence of the railroad company, and that the burden was on the plaintiff to prove negligence on the part of the railroad company, if he desired to recover from each. (See, also, *Pittsburg, Cincinnati and St. Louis Railway Co.* v. *Thompson*, 56 Ill. 138.) Plaintiff did not proceed in his case upon the theory of presumptive negligence. He charged in his declaration

specific acts of negligence against both defendants, and introduced evidence tending to prove his charges.

In view of the declaration on which the case was tried, the instruction now under examination should not have been given. But there are several considerations that lead us very clearly to the conclusion that the judgment should not be reversed, under the circumstances of the case and of the trial, because it was given. The jury were told, in the instructions of the court, that the burthen was upon the plaintiff to prove his case by a preponderance of proof; that if the evidence was evenly balanced they must find the defendant not guilty, and that the plaintiff must prove his case, as alleged in the declaration, by a preponderance of evidence. Besides this, the Appellate Court say in their opinion filed in the case: "We think that the evidence tended so strongly to show a neglect on the part of appellant to use the high degree of diligence its obligation to appellee demanded, that had there been a verdict for appellant it would have been the duty of the trial court to have set the same aside;" and further there say, that they disregard whatever error there was in giving instructions because of the facts clearly proven in the case, and affirm the judgment. The decision of the Appellate Court being final and conclusive in respect to the fact of the alleged negligence of appellant, we think that their judgment, which, while it conceded error in the instructions, nevertheless affirmed plaintiff's case because of the firm foundation of fact upon which it stood, is entitled to great weight upon this appeal. And besides this, plaintiff did not ask for this objectionable instruction. It was requested by appellant's co-defendant. It must be admitted that appellant had a right to object to the instruction and except to the action of the court in giving it. It stated a correct rule of law, but was not applicable to the case made by the pleadings of the plaintiff. Under the circumstances, the instruction not being moved for

by plaintiff, it was the duty of appellant to have made his objection specific, and to have excepted to it on the ground it submitted to the jury a case not made by the declaration. The objection to the instruction, in substance, amounts to a claim of variance. The defect was curable, and had plaintiff's attention been called to the matter by a specific objection or exception, he could readily have amended one of the counts of his declaration by striking out the special matter alleged therein. Appellant not having afforded him an opportunity to do this, must be considered as having waived the objection that it now seeks to avail of.

We find no error in the record for which the judgment of the Superior Court of Cook county should be reversed. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*