Edwin C. Crawford, Administrator of the Estate of James Brett, dec'd., v. Chicago Union Traction Company.

## Gen. No. 13.467.

1. PEREMPTORY INSTRUCTION—*when should be given for defendant.* Where the evidence, with all the legitimate inferences to be drawn therefrom, is wholly insufficient to justify the return of a verdict for the plaintiff, a peremptory instruction should be given at the instance of the defendant.

2. RES IPSA LOQUITUR—*when doctrine of, cannot be availed of.* Where the plaintiff has sought, by his declaration, to recover because of specific acts of negligence, and in no count has charged negligence generally, the doctrine of *res ipsa loquitur* cannot be availed of.

Action in case for death caused by alleged wrongful act.   Error to the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.   Heard in this court at the March term, 1907. Affirmed.   Opinion filed November 11, 1907.

WILLIAM R. BURLEIGH, for plaintiff in error.

JOHN A. ROSE and ALBERT M. CROSS, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff in error's intestate met his death in physical contact with a cable car owned and operated by the defendant in error, and this action was instituted by the administrator of his estate under the statutory enactment governing such cases seeking to recover compensation for the next of kin on the theory that the negligence of the traction company was the proximate cause of the death of James Brett.

The declaration contains four counts, in each one of which it is charged that deceased was a passenger on defendant's car at the time he met his death. Each count also charges that a duty, created by a city ordinance, rested on defendant to stop its car at all intersecting streets along which car tracks are laid. The first count also avers that at the time and place in question, as the car on which deceased was riding approached Twenty-first street, on which street there was an intersecting car line, Brett, knowing the duty of the defendant to stop the car, prepared to alight therefrom, anticipating that it would stop, as the law required it should, but that it did not stop, but slowed down, and while Brett, in the exercise of due care, was preparing to alight therefrom, the defendant carelessly and negligently caused the momentum of the car to be accelerated, with a jerk, throwing Brett to the ground and so seriously injuring him that from the effects of such injury he immediately died. The second count differs from the first only in alleging that Brett, while passing from the trailer to the grip car, was thrown and injured. The third count varies from the others in charging defendant with the duty of stopping at the place in question a sufficient length

of time to give Brett an opportunity to safely alight from the car, and that a violation of that duty was the proximate cause of Brett's death. The fourth count is substantially the same as the second, but charges that the accident happened while Brett was attempting to pass from the trailer to the grip car while the car was .at a standstill, and that it was suddenly started, etc.

The defendant pleaded the general issue to this declaration.

The cause was tried before the court with a jury. At the conclusion of all the plaintiff's evidence the defendant moved the court to peremptorily instruct the jury to find a verdict in its favor, which it did; to which action of the court plaintiff duly objected and excepted, and here assigns errors which raise the question of whether or not the learned trial judge committed legal error in allowing the motion and so instructing the jury.

We have carefully read all the evidence in the record, and aside from the city ordinance invoked, are unable to discover anything in the evidence tending in the remotest degree to sustain any of the material averments of the declaration. There is no evidence that Brett was a passenger, nor that he was in the exercise of due or any other kind of care for his own safety at the time of the accident. Just exactly how he came to fall from the car while it was in motion. so far as anything disclosed or reasonably deducible from the proof is concerned, is shrouded in mystery. Neither can we infer from the circumstances of the accident that the servants of the company did any act of a malicious character which contributed to the accident.

The evidence does show that a person claimed to be Brett was momentarily seen to rise from a seat in the car, and that the next thing which happened was the finding of his bleeding and mangled remains in such a position that it was patent that the car had run

over him and caused the injuries from the effect of which he expired. The rest of the evidence tends to show that he was the father of five children, with prospects of an addition to their number; that he quarreled with his wife and had been living apart from her: that his wife had, like many another in her walk of life, procured her husband to be sent to the Bridewell for unkind treatment of her and then, repenting of her action, procured him to be released. On the day of the accident Brett and his wife had become reconciled, and by agreement between them he was to resume his place in the family. He had evidently been celebrating the restoration of his conjugal rights in a convivial manner, for he was drinking in a saloon at about 11 o'clock the night of the accident, and left it with a flask of whiskey in his pocket. That Mrs. Brett was much shocked and overcome at the dreadful and sudden ending of her husband's life, so much so, she testifies, that she could not remember any of the particulars of the occurrences surrounding the death of her husband, not even his funeral, or burial, although she testifies that she has since changed her name and is now Mrs. Pat. Rogan. All of this evidence falls far short and utterly fails to establish any one of the material averments of the declaration indispensable to make out a *prima facie* case calling for evidence to rebut or exculpate the defendant from the liability charged in the declaration. There is no evidence in this record which tends to prove that defendant negligently caused the death of Brett. None can be inferred except under the doctrine of *res ipsa loquitur,* which is neither raised by the averments of the declaration nor supported by the evidence in relation to the accident.

It will be seen from what we have already said, that there being no evidence to support any of the material averments of the declaration, and the doctrine of *res ipsa loquitur* having no application either in legal theory or fact, there was no evidence from which any

material fact was solvable, therefore there was no question of fact presented for the jury's determination. In this condition of the record, the question was one of law for the court, as to whether the evidence with all the legitimate inferences to be drawn from it was sufficient to justify the jury in rendering a verdict. No reasonable minds could disagree as to the facts in evidence. The cause, in its then condition, required the presiding judge, under well settled legal principles, to allow defendant's motion to peremptorily instruct the jury to find a verdict in its favor, which he did.

The court said in Poleman v. Johnson, 84 Ill. 269, in reversing the judgment of the trial court for not giving the peremptory instruction asked, "Assuming all of the evidence, in behalf of the plaintiff, to be true, and adopting as true every hypothesis which might not unreasonably be inferred from such proofs, still a case is not made out against the defendant below. There is in truth no evidence whatever tending to fasten upon appellant the charge of fraud."

It is equally the condition of the evidence here that it does not, with all reasonable intendments indulged in plaintiff's favor, contain any fact sustaining any charge of negligence appearing in the declaration necessary to warrant a recovery against defendant. Hinsdale v. Armstrong, 6 Ill. App. 315.

A plaintiff must prevail, if at all, upon the legal theory made by the averments of his declaration. The plaintiff below in each count of the declaration sought a recovery on specific acts of negligence charged against the defendant. No count in the declaration charges negligence generally. In this state of the pleadings the doctrine of *res ipsa loquitur* cannot be availed of upon the trial. W. C. St. Ry. v. Martin, 154 Ill. 523; C. & E. I. R. R. v. Driscoll, 176 *ibid.* 330; Field v. French, 80 Ill. App. 78; C. U. T. Co. v. Leonard, 126 Ill. App. 189.

In our view of this case the essential and material

questions have been determined in what we have heretofore said adversely to the plaintiff in error. We therefore regard it as unnecessary to pass upon the technical point of practice raised by defendant as to the sufficiency of plaintiff's exception to the final order of the court in overruling the motion for a new trial and in entering judgment on the instructed verdict for costs.

The judgment of the Superior Court being right, it is affirmed.

*Affirmed.*