City of Chicago v. Wieland.

---

## City of Chicago v. Mathilda Wieland.

### Gen. No. 13,666.

- 1. VARIANCE—*what essential to preserve question of, for review.* In order to preserve for review a question of variance, the variance must be specifically pointed out in the trial court.

2. VARIANCE—*when does not exist.* A declaration which alleges

that a city wrongfully suffered a sidewalk to become in bad and unsafe repair and condition and unfit for travel and permitted the same to become rotten, unsafe and defective and some of its boards to be broken and removed, is sufficient to enable the introduction of proof either that a plank was broken out or broken off or that there was a hole in the walk caused by the rotting of the planks.

3. ASSIGNMENT OF ERROR—*when essential to review.* A question of variance will not be reviewed in the absence of an assignment of error predicated upon the alleged variance.

4. VERDICT—*when not excessive.* A verdict for $3,000 in an action for personal injuries is not excessive where it appears that the plaintiff, as a result of the accident, suffered a miscarriage and displaced womb, a fracture of the tenth rib and had a floating kidney, and where it further appears that at the time of the accident the plaintiff was about thirty years of age, in good health, weighing about 160 pounds, and that as a result of the accident she became permanently invalided, her weight reduced to about 125 pounds and that she suffered much physical pain.

5. INSTRUCTIONS—*need not contain repetitions.* A court need not give a correct instruction if its principles are substantially embodied in another instruction given.

6. INSTRUCTIONS—*when cannot be complained of.* The giving of an instruction cannot be complained of by a party who has offered and had given in his behalf an instruction like that urged as error.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed March 9, 1908.

JOHN R. CAVERLY and D. H. WAMSLEY, for appellant; WM. J. STAPLETON, of counsel.

MILES J. DEVINE, for appellee; JOHN T. MURRAY, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Appellee sues the city of Chicago to recover compensatory damages for injuries suffered by falling through a defectively maintained sidewalk within the limits of the municipality of appellant.

A jury trial in the Superior Court resulted in a verdict for $3,000, upon which judgment was entered after the

City of Chicago v. Wieland.

overruling of motions for a new trial and in arrest of judgment, to which due exceptions having been preserved, the cause is brought to this court for a review of the record.    It is argued and assigned for error, that the verdict is excessive as well as contrary to the law, in that the proof is variant from the averments of the declaration; that the court erred in not allowing appellant's motion to instruct the jury to find in its favor, and in giving the first instruction proffered by appellee, and refusing to give the 11th instruction requested by appellant.

The declaration contained one count.    Its material averments of negligence are that the city wrongfully suffered the sidewalk through which appellee fell and was injured, to remain in bad and unsafe repair and condition, and unfit for travel, and permitted the same to become rotten, unsafe and defective, and some of its boards to be broken and removed; that such condition existed a long time prior to the accident, and that the city had actual knowledge, or by reason of the long-continued defective condition, is chargeable with knowledge thereof.    It is then averred that by means of this condition of unrepair, appellee, while passing along the walk at night in the dark, in the exercise of due care, stepped into a hole in the sidewalk caused by the absence of planks or boards, etc., alleging the manner of her fall and the injuries sustained in consequence thereof.

The objection here made for the first time, that there is a variance between the averments of the declaration and the proof, is unavailing.    An objection of this character, to avail on appeal, must be made in the trial court at the time the variance is made apparent by the proofs of the plaintiff, and such variance must be specifically pointed out when the motion is made, and the court's attention directed to the matter of the variance.    The object of so requiring is to prevent a mistrial on a legal technicality, not in any wise affecting the merits of a plaintiff's cause of action, and that such plaintiff may be afforded an opportunity to avoid the variance by an appropriate amendment of his declaration.    The trend of the law is to discourage technicalities which tend to defeat

natural justice and right, and to encourage the adjudication of causes on their merits. C. & E. I. R. R. v. Snedaker, 223 Ill., 295; Ehlen v. O'Donnell, 205 *Ibid.*, 38. Furthermore, we are debarred from reviewing the question of variance for another and an insuperable reason, that is, it is not assigned upon the record for error, and the objection therefore, if in other respects tenable, must be treated as waived.

As the court say in C. C. Ry. Co. v. McClain, 211 Ill., 589, "* * * the contention of variance comes now too late. The case seems to have been tried upon its merits. No specific objection appears to have been made in regard to a variance between the evidence and the declaration during the trial, or a verdict asked for appellant upon that ground. In West Chicago St. R. R. Co. v. Martin, 154 Ill., 523, an objection was urged to a certain instruction, on the ground of variance, and it was there said (p. 531): 'The objection to the instruction in substance amounts to a claim of variance. The defect was curable and had plaintiff's attention been called to the matter by a specific objection, he could readily have amended one of the counts of his declaration by striking out the special matter alleged therein. Appellant, not having afforded him an opportunity to do this, must be considered as having waived the objection that it now seeks to avail of.' * * *" In City of Joliet v. Johnson, 177 *ibid.*, 178, the court say: "Such objection should properly be made at the time the evidence is offered; otherwise it will be waived." Probst Construction Co. v. Foley, 166 *ibid.*, 31; Village of Chatsworth v. Rowe, *id.*, 114.

However, we are convinced from a perusal of the evidence that the proof is not variant from the negligent acts charged in the declaration, as the proximate cause of the injuries which appellee suffered by falling through the defective sidewalk in question. Whether a plank was out or broken off the walk at the place of appellee's injury, or whether there was a hole in the walk, caused by the rotting of planks, through which appellee fell and was injured, is not of the essence of the right to a recovery; for whichever one or more of the conditions recited resulted in appellee's injuries, the

City of Chicago v. Wieland.

averments of the declaration in this regard are sufficient, on her proof, to authorize a recovery and sustain a verdict in appellee's favor.

There being no fatal variance between the averments of negligence and the proof thereof, and the evidence of appellee not being met with countervailing proof, it may be said that such proof established a *prima facie* case of negligence against the city, so that the court rightly refused to instruct the jury to find a verdict for the city, and as the city did not offer any evidence in defense of its liability, but contented itself with introducing evidence of medical experts in an attempt to minimize the damages to be awarded, it is equally apparent that no additional reason existed warranting the court in instructing a verdict for the city at the close of all the proofs. On the primary question of liability the proof stood the same at the close of the city's evidence as it did at the close of appellee's. The latter motion was therefore properly refused.

The evidence as to the manner of the happening of the accident is not controverted. Neither is there any countervailing proof by any witness having personal knowledge as to the extent of appellee's injuries. While it is true that three medical men, of recognized ability in their profession, testified hypothetically to primary conditions and expectant results at variance with the serious injuries, their continuance and permanency, found in the evidence of appellee and her witnesses, medical and lay, the solution of such controversy was the function of the jury, which it is not our duty to disturb unless we can say that the jury's determination upon the facts in dispute is manifestly against the weight and probative force of the evidence. We are unable to say that the finding by the jury is manifestly contrary to the weight or preponderance of the evidence. On the contrary we are in accord with the jury's determination of the questions of fact submitted to them.

The evidence shows that appellee was the mother of children, living with her second husband, and that in his company and that of one of her children, on the night of October

9, 1904, about nine o'clock, while walking along the west side of Lock street about 60 feet north of 31st street, she fell into a hole in the sidewalk, and was injured; that the sidewalk was owned by the city; that the place of the accident, at the time of its happening, was dark; that appellee was not guilty of negligence that in any manner contributed to her injuries; that the dangerous condition of the walk had existed for a sufficient length of time to charge the city with negligence in not causing it to be repaired in sufficient time to have avoided the accident to appellee.

As the time of the accident appellee was pregnant. As a result of the accident she suffered a miscarriage, a displaced womb, a fracture of the tenth rib, and had a floating kidney. At the time of the accident appellee was about thirty years of age, in good health, weighing about 160 pounds. As a result of the accident she has been permanently invalided, her weight reduced to about 125 pounds, and she has suffered much physical pain. If the jury believed that such injuries were directly traceable to and flowed from the accident, we are unable to say that an award of three thousand dollars as compensation is excessive. While it is true, as matter of law, that a person injured as the result of the negligence of another must act discreetly in using proper means to bring about a cure of the injuries thus incurred, and cannot recover any compensation whatever for ailments brought about by negligence in failing to procure proper treatment, still it was for the jury to decide, as a matter of fact, whether appellee was shown by the proof to have been negligent in this regard. Their verdict repels any assumption by us that they believed that the evidence proved that appellee was suffering or had suffered from ailments attributable to neglect in securing proper medical aid, or in failing to use suitable remedies in an honest endeavor to be cured. Her testimony demonstrates that she had competent medical attention from the inception of her injuries and used all reasonable means in an effort to be healed of her injuries. Appellant's medical experts' views on this subject, wherever they were in conflict with appellee's proof, were to be weighed

City of Chicago v. Wieland.

by the jury in arriving at a conclusion as to what injuries of appellee the city was liable to recompense her for. The verdict is not so large as to inhibit an inference that they may have regarded some of the ailments from which appellee suffered as traceable to some neglect on her part to be as diligent as the law requires in endeavoring to be cured. The verdict may not include compensation for all the diseases and ailments shown by appellee's proof to afflict her, but only for such injuries necessarily suffered by her as a result of the accident, providing due care had been taken in attempting their cure. We think, in the state of the proof, the finding of the jury is not to be impeached.

Instruction No. 1 given to the jury correctly states the law governing its prerogative in deciding the facts and the credit to be given the testimony of the several witnesses, and the treatment to be accorded to evidence of a witness whose veracity has been impeached. The form in which this instruction is drawn has been repeatedly approved. City of Sandwich v. Dolan, 141 Ill., 430; Johnson v. Johnson, 187 *ibid.*, 86; C. & A. Ry. v. Fisher, 141 *ibid.*, 614.

Instruction number 11 asked by appellant and refused by the court, contained a statement of the law as to the weight to be accorded by the jury to the testimony of a witness knowingly swearing falsely to any fact material to the issue, which in substance was the same as contained in instruction number 1, of which appellant complains. Instruction number 11 does state a correct principle of law, and but for instruction number 1, should have been given. The court undoubtedly refused this instruction because number 1 sufficiently stated the law contained in number 11. In this action the court was governed by well-established and approved precedent. Chicago City Ry. Co. v. Bundy, 210 Ill., 39.

By offering instruction number 11 appellant is estopped from complaining of the giving of instruction number 1. Chicago City Ry. Co. v. Pural, 224 Ill., 329; C. & A. Ry. Co. v. Harrington, 192 *ibid.*, 9.

There is no error in this record justifying a reversal of

the judgment of the Superior Court, and it is therefore affirmed.

*Affirmed.*