(No. 12221.—Reversed and remanded.)

Hugh K. MacDonald, Defendant in Error, *vs.* The Chicago Railways Company, Plaintiff in Error.

*Opinion filed December 18, 1918—Rehearing denied Feb. 6, 1919.*

Appeals and errors—*when defendant may rely on error in giving an instruction asked by co-defendant.* In an action for personal injury against a street railway company and the members of a partnership, an instruction, given at the request of the latter, stating that the jury should not take into consideration any evidence offered by the street railway company but only that introduced by the plaintiff, is palpably erroneous, and the street railway company may rely on such error for a reversal of the judgment in favor of the plaintiff, even though the latter had nothing to do with the giving of the instruction.

Writ of Error to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding.

Charles LeRoy Brown, (John R. Guilliams, and Weymouth Kirkland, of counsel,) for plaintiff in error.

James C. McShane, for defendant in error.

Mr. Justice Farmer delivered the opinion of the court:

Defendant in error, Hugh K. MacDonald, brought an action in the superior court of Cook county against plaintiff in error, the Chicago Railways Company, and Henry J., Henry W., Adolph C. and Frederick W. Lutter, to recover damages for a personal injury alleged to have been caused by the negligence of plaintiff in error and the Lutters. By stipulation the jury were instructed to return a verdict finding Frederick W. Lutter not guilty. The three other Lutters were members of a partnership known as the Lutter Brick Company. The trial proceeded against the members of the Lutter Brick Company and plaintiff in error. De-

fendants the Lutters introduced no evidence. The jury returned a verdict finding the Lutters not guilty but finding plaintiff in error guilty and assessing defendant in error's damages at $7000. Judgment was entered on the verdict, and plaintiff in error appealed to the Appellate Court, where the judgment was affirmed. The case comes to this court for review by *certiorari*.

Defendant in error was injured December 4, 1913, while a passenger for hire on a car of plaintiff in error. He occupied the front cross-seat on the left side of the car in question, which was going northwest on Lincoln avenue, in the city of Chicago, between Addison street and Waveland avenue. There was a double street car track on said avenue, the easterly track being used by cars going northwest and the westerly track by cars going southeast. In the vicinity where the accident occurred the street railway passes under the tracks of the Chicago and Northwestern Railway Company, the street being depressed at the place of the crossing about four feet and five inches. From there northwest the street railway tracks ascend an incline of 1.95 per cent for a distance of about 220 feet to the regular street level, which is at a point about 185 feet from an elevated structure of the Northwestern Elevated railroad crossing Lincoln avenue. A servant of the Lutters was driving a wagon loaded with brick southeast and was following in the westerly street car tracks. One of the horses he was driving became frightened as the street car was approaching; pranced and reared and was struck by the street car, thrown backward, causing the pole of the wagon to turn in toward the street car, which it came in contact with, breaking out the three front windows on the side of the car and penetrating the car at the third window, where defendant in error was sitting, striking him in the face and causing serious injuries.

The principal controverted fact between plaintiff in error and defendant in error was whether the horse became

frightened at the noise of a train crossing the elevated struc-
ture and which was or could have been easily observed by
the motorman in charge of the car in time to have prevented
the collision, or whether the horse became frightened at a
time when the car was so close that the motorman could
not stop the car.  Upon this question the evidence was di-
rectly conflicting.

The principal error alleged and argued is the giving of
the eighth instruction at the instance of defendants the Lut-
ters.  The other errors urged we do not regard as of suffi-
cient importance to require separate discussion.  Plaintiff
in error concedes defendant in error's evidence supports the
judgment and that the weight or preponderance of the tes-
timony is not open to review in this court, but it is com-
plained giving instruction No. 8 was so prejudicial as to
require a reversal of the judgment.  The instruction was
as follows:

"You are further instructed that in considering your
verdict you are not to take into consideration any evidence
introduced in this case by the co-defendant, Chicago Rail-
ways Company, but must only consider such evidence as
was introduced by the plaintiff."

It would be difficult to conceive of an instruction more
palpably erroneous, and counsel for the defendant in er-
ror does not contend to the contrary.  It is admitted by
counsel for the defendant in error that the instruction
is erroneous, but it is contended that when considered in
connection with the other instructions, one of which told
the jury the instructions constituted "one connected body
and series and should be so regarded and treated by the
jury," they were not misled by it.  It is also contended
that defendant in error was not responsible for the giving
of the instruction; that it was given at the instance of
the Lutters, plaintiff in error's co-defendants, and the error
cannot be availed of by plaintiff in error.  This latter ques-
tion has been referred to in some of our decisions but does

286 — 16

not seem to have been squarely presented for decision and passed upon heretofore by this court.    In *West Chicago Street Railroad Co.* v. *Martin,* 154 Ill. 523, the question was raised by one defendant that the court had erroneously permitted its co-defendant on the trial to introduce a certain contract in evidence and had given two instructions in which the contract was alluded to.    This court held those rulings of the trial court were erroneous, but for reasons clearly stated in the opinion the errors were held harmless. Complaint was also made of another instruction given at the instance of the other defendant which stated a correct proposition of law but which this court held was not applicable to the case made by the plaintiff's declaration.    The court referred to the fact that the plaintiff did not ask for the objectionable instruction, but it did not pass upon the question here involved and held the objection to the instruction in substance amounted to a claim of variance, which should have been raised at the trial so as to have afforded opportunity to amend.    On that ground this court held the error was waived.

In *Consolidated Fireworks Co. of America* v. *Koehl,* 190 Ill. 145, the plaintiff brought an action in tort jointly against the city of LaSalle, fifteen individuals constituting a committee who had charge of a Fourth of July celebration in the city of LaSalle, and the Consolidated Fireworks Company.    At the close of plaintiff's evidence he dismissed as to the city of LaSalle.    On motion of the individuals composing the committee the court excluded the evidence as to them and at the conclusion of the argument to the jury instructed the jury to find the committee not guilty. Plaintiff obtained a verdict and judgment against the fireworks company, which was appealed to the Appellate Court and affirmed and a further appeal prosecuted to this court. For reasons stated in the opinion, not necessary here to repeat, this court held that the trial court erred in excluding the evidence as to the committee and directing a verdict as

to it, and thereby deprived the fireworks company of the right to have the jury, under proper instructions, pass upon certain questions of fact affecting the liability of all the parties. For that reason the judgment was reversed and the case remanded. The right of one defendant to allege error on a ruling in favor of a co-defendant was not referred to in the opinion.

A case similar in principle to the *Koehl case, supra,* was considered by this court in *Pioneer Fireproof Construction Co.* v. *Hansen,* 176 Ill. 100. In that case the court allowed the motion of one co-defendant to direct a verdict as to it, and this was complained of by the other co-defendant. This court considered the error alleged but held the appellant having failed to object to the allowance of his co-defendant's motion by the court could not raise the question; that if it had considered the ruling detrimental to its interests it should have saved an exception. There is no discussion in the opinion whether the appellant had the right to raise the question.

In *Schmidt* v. *Chicago City Railway Co.* 239 Ill. 494, plaintiff sued the Chicago City Railway Company and the Union Traction Company for a personal injury and recovered judgment against the Chicago City Railway Company, only. The judgment was affirmed by the Appellate Court and the case was brought to this court for review by the Chicago City Railway Company. On the trial of the case the Union Traction Company was permitted to examine witnesses introduced by the street railway company about subjects not inquired into in their original examination, and the Union Traction Company was permitted to introduce testimony contradicting the testimony drawn out by it. The court referred to the fact that the plaintiff had taken no part in the examination of the witnesses objected to, and said: "The witnesses were examined by both defendants as a part of the defense, and the fact that one party was improperly permitted to introduce testimony hostile to the

other would not justify a reversal as against the innocent plaintiff." This court affirmed the judgment.

In *Nordhaus* v. *Vandalia Railroad Co.* 242 Ill. 166, the plaintiff brought a suit for personal injuries against two defendants, jointly. A judgment against one defendant, only, was affirmed by the Appellate Court and the case was brought to this court for review. Objection was made to the giving of an instruction at the instance of the defendant found not guilty. In considering the error the court said: "The only objection made to the instruction is, that there was no evidence that the National Stock Yards Company had the right of way on the track for the purpose of making its deliveries. If it should be conceded that a judgment in favor of appellee could be reversed for an error in an instruction given at the instance of one of the defendants, the tendency of which was to relieve that defendant from liability, the objection is unfounded, since there was evidence tending to prove the fact."

We do not regard the question as finally determined in any of the cases cited, and while circumstances may be imagined under which one defendant ought not to be permitted to avail itself of an error committed at the instance of a co-defendant, the question as here presented is not surrounded by any such circumstances. So far as this record shows, plaintiff in error was no more responsible for the instruction being given than was the defendant in error. True, it is a hardship upon defendant in error to have his judgment reversed for an error in the giving of an instruction at the instance of one of the defendants, but the instructions are the instructions of the court, although in practice they are usually prepared and asked by counsel.

Counsel for defendant in error says the instruction was intended to mean and tell the jury that in considering their verdict as to the Lutters they should not take into consideration any evidence introduced by the Chicago Railways Company but should only consider such evidence as was in-

troduced by the plaintiff. It may have been and probably was so intended, but the instruction does not so read. It states in plain and direct terms that (the Lutters having rested their case at the close of plaintiff's evidence) the jury, in considering their verdict, should not take into consideration any evidence offered by the Chicago Railways Company "but must only consider such evidence as was introduced by the plaintiff." Whatever may have been intended to be stated, the instruction plainly directs the jury, in arriving at their verdict, to consider only such evidence as was offered by the plaintiff.

In several instructions given for plaintiff in error and defendant in error the jury were told they should find from the evidence whether the servants. of the Chicago Railways Company were negligent in driving the car to and against the team after it had become frightened and one of the horses was rearing and prancing or whether the horse became suddenly frightened when the car was so close that the motorman could not stop it, and it is argued that the jury would understand they were to consider the testimony introduced by plaintiff in error, and that it is unbelievable that they would understand that they were to disregard all of plaintiff in error's evidence. If this case were of the character of the case considered in *West Chicago Street Railroad Co.* v. *Martin, supra,* we might, on the theory that no other reasonable verdict could have been arrived at, sustain the judgment notwithstanding the instruction. Here, however, plaintiff in error introduced several witnesses,— more, in fact, than testified for defendant in error,—whose testimony, if credited by the jury, tended to show its servants were not guilty of the negligence charged. The instruction was not ambiguous but was clearly and palpably erroneous, and necessitates a reversal of the judgment unless we can say its directions were disregarded by the jury, and we do not consider that we are authorized to conjecture that such was the case. It was not the kind of an instruc-

tion this court has held can be cured by other instructions. If the jury accepted the instruction complained of as the law, no other verdict than the one rendered could have been arrived at and the instruction could not have been cured by others given. *Illinois Match Co.* v. *Chicago, Rock Island and Pacific Railway Co.* 250 Ill. 396; *Lyons* v. *Ryerson & Son,* 242 id. 409; *Ratner* v. *Chicago City Railway Co.* 233 id. 169; *Illinois Iron and Metal Co.* v. *Weber,* 196 id. 526.

For the error in giving instruction No. 8 the judgments of the superior and Appellate Courts are reversed and the cause remanded to the superior court.

*Reversed and remanded.*