## Rose Fitzgerald, Appellee, v. John L. Davis and Joseph Shlay, Appellants.

### Gen. No. 29,560.

1. HIGHWAYS AND STREETS—*negligence of both codefendants as jury question.* In an action against two drivers of automobiles, where one struck the other and the latter skidded and collided with the automobile in which plaintiff was riding, and one defendant claimed that he was not liable because his car was north of the center line of the boulevard and he was driving at moderate speed, and that the plaintiff's injury was brought about by the fact that the other defendant came over north of the center line, which resulted in the collision, the question whether both of the defendants were negligent was for the jury to decide.

2. APPEAL AND ERROR—*estoppel to complain of refusal to give instruction requested by codefendant.* A codefendant in a collision case against the drivers of two automobiles could not complain because the court refused to give an instruction on behalf of the other defendant.

3. DAMAGES—*excessiveness of verdict for damages for personal injuries.* A verdict for $2,500, reduced to $1,750 was held not excessive where the injured party sustained a cut in the cheek and slight bruises about the head and shoulders, and the cut in the cheek left a permanent scar, and where plaintiff was under a physician's care for about three weeks and confined to bed about a week, and where plaintiff still suffered pain in her shoulder nearly two years after the accident, and there was evidence that the facial nerves were involved.

4. HARMLESS ERROR—*when improper argument of counsel not reversible.* Improper argument of counsel for plaintiff in a personal injury case in referring to a permanent scar on her cheek resulting from the accident, repeated after an objection was sustained on the ground that humiliation was not an element of damages, was not reversible error where the case was not a close one, the damages were not excessive and an instruction was given, as to recovering damages for disfigurement, more favorable than the defendant was entitled to.

5. DAMAGES—*personal disfigurement as an element of damages.* A party may recover for disfigurement resulting from an accident; the law only prohibits the recovery of damages in such a case for mental suffering resulting from disfigurement or chagrin, and which suffering has no relation to physical pain.

6. JUDGMENTS—*when judgment properly entered for full amount of verdict against each defendant in tort action.* Where the verdict in a personal injury case against two defendants assessed the dam-

ages at "twenty-five hundred dollars ($1,250) each," the words stating that the amount be divided equally were treated as surplusage, and judgment below for the full amount was properly entered after the remittitur against both defendants.

Appeal by defendants from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Affirmed. Opinion filed June 17, 1925.

FRANK M. COX, RICHARD D. BROWN and HALL & SPITZ, for appellants.

JOHN FOSTER, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendants to recover damages for personal injuries claimed to have been sustained by her on account of the negligent manner in which the defendants drove their automobiles so as to cause a collision with the automobile in which plaintiff was riding. There was a verdict in plaintiff's favor for $2,500, a remittitur of $750 and judgment for $1,750 against both defendants. Both defendants prayed and were allowed an appeal to this court. They filed their appeal bond, but the defendant Davis filed no brief and argument in this court. The only brief filed was on behalf of the defendant Shlay.

The record discloses that about 8:45 on the evening of September 7, 1922, plaintiff, who was a housewife about 53 years of age, was riding in a Paige automobile which was being driven by her son east on Jackson boulevard, Chicago; that the roadway of the street was dry and there was a great deal of traffic at that time; that the defendant Davis was driving also east in a Ford automobile fifty or seventy-five feet ahead of the automobile in which plaintiff was riding; that the Ford automobile collided with a Velie automobile driven, by the defendant Shlay, west in Jackson boule-

vard, causing Shlay's automobile to skid around to the south side of Jackson boulevard, striking the Paige car and as a result of the collision plaintiff's head was forced through the wind shield of the car in which she was riding and she was injured. It is admitted that there was no negligence on the part of the plaintiff. On the trial the defendant Davis took the position that he was not to blame, because he was driving south of the center line of Jackson boulevard and that his car was struck by the defendant Shlay's car. On the other hand, Shlay took the position that he was driving north of the center line of the boulevard when the collision between his car and the Ford took place and that he was not at fault.

1. As stated, the defendant Shlay alone filed a brief in this court and the first point made by him is that the verdict is contrary to the manifest weight of the evidence. The argument being that since the evidence disclosed that his car was north of the center line of the boulevard at the time of the collision and he was driving at a moderate rate of speed, he was in no way negligent and that plaintiff's injury was brought about by the fact that Davis, in the Ford car, came over north of the center line of the street which resulted in the collision and caused his, Shlay's, car to skid around to the south side of the roadway and strike plaintiff's automobile. We have carefully considered all the evidence in this record and are clearly of the opinion that the finding of the jury that both of the defendants were guilty of negligence is not against the manifest weight of the evidence. The question was for the jury to decide.

2. The defendant Shlay contends that the trial court erred in refusing to give to the jury instruction No. 27, requested by the defendant Davis. We think it clear that the defendant is not in a position to urge this. While, under the law, Shlay might complain of the giving of an instruction on behalf of Davis which was prejudicial (*MacDonald v. Chicago Rys. Co.*, 286 Ill.

239) he is not in a position to complain of the fact that the court refused to give instructions on behalf of the defendant Davis.

3.   Shlay next contends that the damages are excessive in that the evidence shows that the injuries sustained by plaintiff were a cut in her left cheek about 2½ to 3 inches long and some superficial bruises about the head and shoulders which plaintiff's physician described as slight, little lacerated wounds; that all of the bruises healed, the one on her cheek leaving a permanent scar; that plaintiff was under the care of a physician for about three weeks, during which the physician visited her approximately ten times; that plaintiff was confined to her bed as a result of the accident for about one week and incurred a doctor's bill of about $25.   In this argument plaintiff's counsel refers to the fact that plaintiff testified that she still suffered pain because of the cut in her cheek; that the pain in her shoulder lasted about three months and thereafter periodically up to and until the time of the trial which took place on June 12, 1924, nearly two years after the accident.   There was further evidence to the effect that the facial nerves were involved.   We cannot say that the damages are of such an amount as would warrant interference on our part.   As we said in the case of *Posch v. Chicago Rys. Co.*, 221 Ill. App. 241, in discussing the question of damages: "We cannot, however, be unmindful of the fact that the money value of life and health is appreciating and the purchasing power of money depreciating during recent years."

4.   The defendant Shlay further contends that the court erred in its ruling on the motions and objections of his counsel made to plaintiff's counsel's argument to the jury, which argument tended to arouse the passion, prejudice and sympathy of the jury, the principal objection being that plaintiff's counsel in his argument referred to the fact that plaintiff had a scar on her face which she could not hide.   "You know what

that means to a woman. Every time she goes to a party, somebody will look at the scar and folks will whisper about it." It was objected that humiliation was not an element of damages, to which counsel for the plaintiff agreed, and the court then said that he would instruct the jury on that question. Counsel for plaintiff then continued and said that while it was true no damages could be recovered on account of a marred physical beauty, but again repeated the objectionable part of his argument, to which objection was made, the court saying "go ahead." The argument was wrong and if this were a close case, or the judgment was excessive, it might warrant a reversal, but in our opinion it had little or no tendency to prejudice the defendant's case. The court gave the jury an instruction which told them that if they believed from the evidence plaintiff received a cut on her face as a result of which there was disfigurement which marred her face, then the court instructed them that, under the law of this State, plaintiff could not recover any damages on account of the disfigurement or marring of personal appearance. This instruction was given on behalf of Shlay and was more favorable to him than he was entitled to under the law. The law only prohibited the recovery of damages in such a case for mental suffering which results from embarrassment or chagrin and which suffering has no relation to physical pain. *Chicago City Ry. Co. v. Anderson,* 182 Ill. 298. She might recover for disfigurement which resulted from the accident. We think the argument of counsel taken in connection with the facts in the case was clearly insufficient to warrant us in disturbing the verdict and judgment.

5. The jury's verdict was as follows: "We, the jury find the defendants John L. Davis and Joseph Shlay guilty and assess the plaintiff's damages at the sum of $2,500 Twenty Five Hundred Dollars ($1,250.00) each." And the defendant Shlay contends that a verdict in a tort case is indivisible since there

can be no contribution between *tort-feasors*. The judgment entered by the court after a remittitur of $750 was for $1,750 against both defendants. We think this was entirely proper. Both defendants were found guilty of the negligence charged and the damages fixed at $2,500. The fact that the jury stated in their verdict that this should be divided equally may be treated as surplusage. The court followed the right course in entering judgment for the full amount, after remittitur, against both defendants. 27 R. C. L. 893; *Post v. Stockwell*, 34 Hun (N. Y.) 373.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.